IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) C/A No.: 4:15-cv-4863-RBH-KDW |
| Plaintiff, | ) |
| | ) |
| -vs- | ) REPORT AND RECOMMENDATION |
| | ) |
| Hacienda Mesa, LLC; Sergio Mesa; | ) |
| CNH Capital America, LLC; and | ) |
| Deere & Company, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the court on the Motion for Summary Judgment ("Motion"), ECF No. 40, filed by Plaintiff, the United States of America ("Plaintiff" or "USA") in this claim and delivery action brought against four Defendants: Hacienda Mesa, LLC ("Hacienda"); Sergio Mesa ("Sergio"[1] or the "Individual Defendant"); CNH Capital America, LLC ("CNH"); and Deere & Company ("Deere"). Plaintiff seeks judgment concerning two promissory notes signed by Hacienda and Sergio in which they agreed to pay the USA, acting through the United States Department of Agriculture ("USDA"). All pretrial proceedings in this case were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). ECF No. 11. Because this Motion is dispositive, the undersigned submits this Report and Recommendation for the court's consideration. As detailed within, it is recommended Plaintiff's Motion be granted in part and denied in part.

I.    Introduction and procedural history

  A. Process and service

Plaintiff filed this action "for claim and delivery of personal property and chattels" located in this District, to "enforce its security interest as to personal property" in this District, and "for other

---

[1] The undersigned does not typically use an individual's first name as a shorthand reference. The court hereinafter refers to the individual Defendant as "Sergio" in this matter to avoid potential confusion with corporate Defendant Hacienda Mesa, LLC, (hereinafter "Hacienda").

relief[,]" on December 8, 2015. Compl., ECF No. 1. Summonses were issued, and Plaintiff filed executed summonses indicating service on each Defendant. ECF No. 5 (service on Sergio, answer due Jan. 13, 2016); ECF No. 6 (service on Hacienda, answer due Jan. 13, 2016); ECF No. 7 (service on Deere, answer due Jan. 14, 2016); and ECF No. 19 (service on CNH, answer due Jan. 19, 2016).

B. Jurisdiction and Venue

The court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1345 because the USA is Plaintiff. Personal jurisdiction is not disputed.

Plaintiff avers that venue in this District is proper pursuant to 28 U.S.C. § 1391. Compl. 1. In Defendant Sergio's pro se Answer to the Complaint, he asserts the court "lacks venue over this action," Answer 2, ECF No. 8, a point he reiterates in responding to the instant Motion, Def. Resp. 1, ECF No. 45. While giving Sergio's pro se argument the liberal construction and consideration that is its due, *see, e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007), the undersigned is of the opinion that venue is proper here. Hacienda and Sergio reside in Williamsburg County, South Carolina, and a "substantial amount of the property that is the subject of this action" is situated in the District. *See* 28 U.S.C. § 1391; Compl. ¶¶ 2, 3; Answer ¶ 3. Sergio provides no argument or citation to authority to support his claim that venue is improper, nor is the court aware of support for such an argument. Venue in this District is proper.

C. Defendants' appearances in this matter

1. CNH and Deere

CNH and Deere were named in the Complaint because of their respective potential "interest in the equipment that is part of the subject of this action[.]" Compl. ¶¶ 18, 19. In the Complaint, Plaintiff put CNH and Deere on notice of this action and "call[ed] upon" CNH and Deere to "assert [their] claim or interest, if any." *Id.* Neither CNH nor Deere appeared in this matter. Plaintiff sought and obtained a Clerk's Entry of Default as to CNH and as to Deere. ECF Nos. 21–24. CNH and Deere are

2

not the subject of Plaintiff's pending Motion for Summary Judgment and need not be considered further at this time.

### 2. Sergio Mesa and Hacienda Mesa, LLC

The *only* Defendant to enter an appearance and respond to Plaintiff's Complaint was *Sergio Mesa*. *See* Notice of Appearance of Sergio R. Mesa, ECF No. 9. At the time he entered a pro se appearance, Sergio also submitted his Answer to the Complaint, which included several "Counterclaims." Answer, ECF No. 8. Sergio begins his Answer as follows: "The Defendant admits that [o]n June 17, 2008 he for Hacienda Mesa, LLC entered into a promissory note with the plaintiff." *Id.* ¶ 1. The Clerk of Court appropriately docketed Sergio's Answer and Notice of Pro Se appearance on behalf of Sergio R. Mesa only. *See* ECF Nos. 8, 9. As is the court's practice, the undersigned then issued an order to pro se Defendant Mesa advising him of the special pleading rules applicable to pro se litigants in this District. Jan. 13, 2016 Order, ECF No. 15 (including instructions on updating address with court, serving documents, signing documents, as well as several clerical instructions). Sergio Mesa also filed a short Response to Summary Judgment on his own behalf. Resp., ECF No. 45; Notice of Appearance pro se by Sergio R. Mesa, ECF No. 45-1.

Importantly, Hacienda Mesa, LLC has not entered an appearance in this matter, nor does the court construe Sergio Mesa's appearance as purporting to be on behalf of Hacienda Mesa. In any event, had Sergio Mesa purported to enter an appearance for Hacienda Mesa, LLC, he would have been unable to do so as any corporate defendant ***must*** be represented by legal counsel and cannot be represented by a pro se individual. *See Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02 (1993) (collecting cases and noting that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Honour Tech. Grp., Inc. v. U.S.,* 326 F. App'x 141 (4th Cir. 2009) (dismissing appeal of corporate party because not represented by counsel); *see also* Local Civ. Rule 83.I.07(B)(2) (D.S.C.) (requiring counsel seeking to

3

be relieved of representing corporate client to advise that party it "may not proceed without counsel" and the danger of being considered to be in default if no counsel appears).

When a pro se litigant purports to represent a corporation, partnership, association, or other legal entity, the undersigned's regular practice is to enter an order advising that pro se litigant that he is not permitted to represent the corporate party and providing ample time for the purported pro se representative to obtain counsel for the corporate party. *See, e.g.*, *Moxhet v. Telstar Cable Commc'ns, Inc.*, No. 4:13-CV-896-BHH, 2014 WL 7146977, at *2 (D.S.C. Dec. 15, 2014) (denying corporate defendant's relief from default when corporation failed to obtain counsel despite having been admonished repeatedly that counsel was required).

Here, there has been no purported appearance by Hacienda Mesa, LLC—either through Sergio Mesa, another individual, or counsel. Because no such entry of appearance has been attempted, no order has been provided in this matter to put Hacienda Mesa, LLC on notice of the counsel requirement.[2] Further, Plaintiff has not sought a Clerk's Entry of Default as to Hacienda Mesa, LLC.

Accordingly, notwithstanding that Plaintiff directs its Motion for Summary Judgment to both Hacienda Mesa, LLC and Sergio Mesa, *this Report and Recommendation is issued as to the Motion for Summary Judgment as to claims against Sergio Mesa only*. As both Hacienda Mesa, LLC, and Sergio R. Mesa signed the promissory notes at issue[3] this distinction may become a largely academic point. That stated, the undersigned finds this the prudent way to proceed at this juncture given Plaintiff's apparent supposition that Hacienda Mesa, LLC has filed an appearance and responsive pleadings at this time.[4]

---

[2] It should not be inferred that notice to an unrepresented corporate entity that has not appeared through counsel is an absolute requirement. It is, however, the undersigned's practice in such situations.

[3] Details about the promissory notes follow.

[4] Further, as this is a Report and Recommendation, the parties will have the opportunity to provide additional information to the District Judge. *See* Fed. R. Civ. P. 72 and information at end of this Report and Recommendation.

III. Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing ... that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the nonmoving party is to be believed and all justifiable inferences must be drawn in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

5

IV. Facts

Taken in the light most favorable to the nonmoving party,[5] the following facts are potentially relevant:

1. On June 17, 2008, Defendants Hacienda Mesa, LLC and Sergio R. Mesa signed two promissory notes by which Defendants promised to pay Plaintiff, acting through the USDA, Farm Service Agency ("FSA"). These Notes were in the amount of $70,000.00 and $52,500.00. Promissory Note 1, ECF No. 40-2 (the $70,000.00 Note); Promissory Note 2, ECF No. 40-3 (the $52,500 Note). Unless otherwise indicated, both Note 1 and Note 2 may be collectively referred to herein as the "Notes." Both Notes nominate Hacienda Mesa, LLC as the "borrower" and are cosigned by Sergio Mesa. Both Notes provide in part: "10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the [USA] . . . ." Note 1 at 1, Note 2 at 1.

    a. Under the terms of Note 1, Hacienda Mesa, LLC and Sergio R. Mesa agreed to pay Plaintiff $70,000.00 by repaying one installment of $71,187.00 on January 1, 2009.

    b. Under the terms of Note 2, Hacienda Mesa, LLC and Sergio R. Mesa agreed to pay Plaintiff $52,500.00 by repaying one payment of $8,467.00 on January 1, 2009 and that same sum each year for seven years until all principal and interest had been repaid.

2. Also on June 17, 2008, as security for the loans, the USA (as the "Secured Party") and Hacienda Mesa LLC (as "Debtor") entered into a Security Agreement granting the USA a "security interest in Debtor's interest in" collateral, listed on pages 3 and 4 of the Security Agreement. Security Agreement, ECF No. 40-4.

    a. Sergio Mesa is not a party to the Security Agreement; rather, Sergio Mesa signs the last page of the Security Agreement as Manager of Hacienda Mesa, LLC, "Debtor." Security Agmt. 7, ECF No. 40-4.

    b. The specified collateral includes 21 pieces of farm equipment and 16 horses and is listed in Plaintiff's Complaint as follows:

> one brown 6 foot box blade (3 PH), one brown 6 foot disk (3 PH), one disk (pull type), one Unifarm hay rake #695509, one New Holland Mower Conditioner #Y7B150772, one 2008 New Holland (round) hay baler BR 7060 #Y8N035357, one 5 foot King Cutter mower (3 PH), one 7 foot Brown mower (3 PH), one 5 foot Bush Hog Ditchbank Cutter, one New Holland TB100 tractor (4wd, canopy) #B61070M, one Bush Hog front-end loader 3545 #3-01493, one Kubota M4800 tractor #50077, one Bush Hog bale spear (front-end attach.) #3-03911, one 2005 trailer (enclosed dual axle with tool box) #4J012855, one trailer (dual axle hay trailer with metal floor) 10X16, one two-horse trailer with slant load and tack room, one 8x16 equipment trailer with dual axle and ramps, one 2007 Dodge Ram truck 4wd (quad cab SLT 2500), one 2008 Bush Hog mower squealer 172 #12-04390, one 2006 gooseneck trailer (25 feet), one 10 x 12 trailer, one Perchine stud horse, one Haflinger stud horse, one Quarter Horse stud, one

---

[5] Any disputes of fact are noted herein, as well. The undersigned is of the opinion that no genuine issues of material fact that would preclude summary judgment exist here.

Paso Fino stud, one Paint Gelding, one Pony Gelding, one mini horse, one Quarter/Paso Fino horse, one Haflinger Mare, one Paso Fino horse, one Quarter Horse, one Perchon Mare, one Haflinger Mare, three Quarter Horse Mares, three Paint Mares, and one Paso Fino Mare.

Compl. ¶ 7; *see also* Security Agreement, ECF No. 40-4 at 3-4.

    i. In answering the Complaint, Sergio admitted "to the assets listed," but denied owning a five (5) foot Bush Hog Ditch bank Cutter and indicated the 16 horses "may not be as described." Answer ¶ 5.

    ii. Plaintiff indicates in its Motion that Defendants have since sold the New Holland tractor TB100 #B61070M. Pl. Mem. 1 n.1.

    iii. In the "Counterclaims" section of his Answer Sergio indicates he advised Plaintiff in 2008 that the New Holland tractor was being sold and proceeds were being used for the purchase of a John Deere tractor. Answer at 2, Counterclaim ¶ 1. Plaintiff's responsive pleading denies this allegation. Reply to Def.' Sergio Mesa's Counterclaims ¶ 1, ECF No. 18.

3. Plaintiff indicated in its Complaint that, upon information and belief, all pledged collateral other than the New Holland tractor TB100 #B61070M and the New Holland hay baler BR 7060 #Y8N035357 is in the possession of Hacienda and Sergio and is located in Williamsburg County at 335 Cantley Landing Road, Andrews, South Carolina. Compl. ¶ 10.

    a. Sergio does not dispute the location of the collateral (other than to deny owning the Bush Hog Ditch bank Cutter and the note about the horses in paragraph 5 of his Answer).

    b. Sergio indicates he had moved the hay baler to a neighboring farm for purposes of obtaining feed for the horses. Sergio Counterclaim 3.

4. Plaintiff perfected its security interest by filing with the South Carolina Secretary of State a Financing Statement ("UCC 1") on June 6, 2008, ECF No. 40-5 at 1-2, and a Continuation Statement ("UCC 3") on March 6, 2013. The "Lapse Date" of the UCC-3 Continuation Statement is June 6, 2018. ECF No. 40-5 at 3.

    a. Hacienda Mesa, LLC and Sergio Mesa are listed as debtors on the Financing Statement and the Continuation Statement.

    b. The Financing Statement indicates it covers the following collateral:

*    1. All crops (including hay and wheat/oat straw), livestock, equipment, farm products, goods, supplies, payment intangibles, general intangibles, accounts, deposit account, supporting obligations, investment property, inventory, crop insurance indemnity payments, and all entitlements, benefits and payments from all state and federal farm programs.*

*    2. All proceeds, products, accessions, and security acquired hereafter.*

7

> *The security interest perfected secures a future advance clause and the security agreement contains an after-acquired property clause.*
>
> *Disposition of such collateral is not hereby authorized.*

UCC 1/Financing Statement, ECF No. 40-5 at 1 (italics in original).

     5. Hacienda and Sergio defaulted on both Notes.

     6. In the first paragraph of the Counterclaims section of the Answer, Sergio states he advised Plaintiff he was unable to make a full payment of $128,082.32 because of financial issues.[6] Sergio states he offered to make partial payment, but Plaintiff did not accept that offer. Sergio indicates he then asked Plaintiff to liquidate and remove the equipment and livestock. Sergio was advised the matter was being sent to counsel. Plaintiff advised Sergio in writing not to sell further equipment or livestock. Counterclaim ¶ 1.

     a. Plaintiff denies all of Counterclaim 1. Reply to Def.' Sergio Mesa's Counterclaims ¶ 1, ECF No. 18.

     7. Sergio states in Counterclaim 2 that livestock has been maintained, and that he asked several times in 2009 when the equipment and livestock would be removed, noting he advised Plaintiff he could no longer continue to pay to feed the livestock. Counterclaim ¶ 2.

     a. Plaintiff denies all of Counterclaim 2. Reply to Counterclaims ¶ 2.

     8. On September 22, 2009, Sergio sent an email to Vince Pace, Farm Loan Officer with the USDA. ECF No. 45-2 at 5. Sergio advised Pace that he had requested a three-year deferment of the loan payment from FSA and described some of the difficulties the farm had encountered. *Id.*

     9. On September 23, 2009, Pace responded to Sergio to schedule a meeting to discuss the delinquent account. *Id.*, *see also* Resp. 1 (also setting out the difficulties encountered).

     10. Plaintiff sent a letter dated January 6, 2010, to Sergio Mesa, Hacienda Mesa, LLC, with the subject line "NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY. DEMAND FOR PAYMENT OF THAT DEBT." Acceleration Letter, ECF No. 40-6.

     11. Plaintiff indicates it sent a written notice on August 30, 2011 advising Hacienda and Sergio they were required to pay $129,645.04 immediately in order to avoid further legal action against them. Compl. ¶ 14.

     12. Plaintiff indicates it, through counsel, sent a written notice of right to cure advising Hacienda and Sergio they had 30 days to cure the delinquent loan balance of $122,500.00 plus $7,145.04. Compl. ¶ 15.

     13. Plaintiff indicates Hacienda and Mesa removed the New Holland Hay Baler from their property and loaned it to a neighbor without the consent of Plaintiff. Compl. ¶ 16.

---

[6] Sergio does not include the date he so advised Plaintiff.

  a. Plaintiff had Alton Brown of Kingstree Auction Company remove the Hay Baler from a neighboring farm on November 23, 2015. The hay baler is stored at Kingstree Auction Company. *Id.*

  b. Sergio indicates he had shared the Hay Baler to gather hay for the livestock. Counterclaim ¶ 3. Plaintiff denies Counterclaim 3.

  14. Sergio contacted Plaintiff in October 2015 to again request removal of the livestock as 98 percent of the property had been flooded due to extreme weather. Counterclaim 4.

  a. Plaintiff admits Williamsburg County Environmental Services and Valiant Animal Rescue talked with Sergio about removing the livestock, but denies the remainder of Counterclaim 4.

  15. Plaintiff submits the affidavit of Alton E. Brown, Jr., founder of Kingstree Auction Company, LLC. Brown Aff., ECF No. 40-9. Brown affirms Sergio "verbally agreed" to allow Kingstree Auction Company to retrieve secured equipment from his property on December 5, 2015. *Id.* ¶ 2. When Kingstree Auction Company arrived on December 5, 2015, however, Sergio refused to allow the secured equipment to be removed. *Id.* ¶¶ 3, 4.

  16. Sergio indicates that, as the result of Plaintiff's failure to timely recover equipment and livestock, he has incurred extreme costs and losses. Further, Sergio indicates the pledged equipment has depreciated in value over time. Sergio indicates he has incurred expenses including "a total loss of equipment, due to flood, of $71,187.00, incurred a cost of $20,000.00 per year in feed for livestock and other costs for medicines[.]" Counterclaim 5, 6.

  a. Plaintiff denies Counterclaims 5 and 6.

V. Analysis

  Plaintiff seeks summary judgment, noting Defendant does not deny he is in default. Pl. Mem. 2.[7] Plaintiff submits no genuine issues of material fact exist, Sergio's counterclaims are unavailing, and judgment is appropriate.

  A. Sergio Mesa's arguments and counterclaims

  Sergio does not dispute he has not paid on the Notes. Rather he opposes summary judgment, making the following brief arguments, some of which are also found in his Answer and Counterclaims:

  1) Venue is improper.
  2) The statute of limitations has expired.
  3) Sergio had explained "the situation" with the farm to FSA Agent Pace (which the court interprets as relevant to the statute of limitations argument).
  4) The doctrine of laches bars Plaintiff's claim.

---

[7] As noted above, although Plaintiff seeks summary judgment as to both Hacienda Mesa, LLC, and Sergio Mesa, the undersigned does not now consider Plaintiff's claim against Hacienda Mesa, LLC.

Def. Resp., ECF No. 45.

The undersigned has considered each of Sergio's responsive arguments and finds them to be without merit to defeat Plaintiff's Motion for Summary Judgment against him.

1) Venue

As noted above venue is proper in this District. *See* 28 U.S.C. § 1391. Sergio offers no legal authority to the contrary. That portion of Sergio's opposition to summary judgment is without merit.

2) Statute of Limitations/email to Agent Pace

In his Answer, Sergio presents the affirmative defense that Plaintiff's action is barred. Answer 2. In his "Second Defense," Sergio argues: "The statute of limitations bars this action in that the events described in the complaint occurred more than three years before the lawsuit was commenced." *Id.*

In arguing summary judgment is appropriate, Plaintiff submits the six-year statute of limitations found at 28 U.S.C. § 2415(a) applies, making this action timely. Pl. Mem. 5. Plaintiff submits its cause of action accrued on January 6, 2010, the date Plaintiff made a written demand for immediate payment on the Notes and accelerated the account. *Id.* This litigation was filed on December 8, 2015, which is within six years of January 6, 2010. Plaintiff also argues that Sergio's admission in the Answer that he sought to return collateral to Plaintiff in October 2015 was an acknowledgement of the debt and further extended the statute of limitations. *Id.* at 5, n.5.

Section 2415 of Title 28 provides in pertinent part as follows:

> (a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later: *Provided,* That in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment: . . . .

28 U.S.C. § 2415.

In his pro se response, Sergio argues this suit is untimely even using the six-year limitations period. Resp. 1. Sergio focuses on his September 22, 2009 notification to USDA agent Pace in which Sergio notified Plaintiff of the inability of Hacienda or Sergio to repay the debt as due, noting suit was filed more than six years after September 22, 2009. *Id.*

Having reviewed the arguments of both parties, the undersigned is of the opinion that this matter was timely filed. As explained in the case cited by Plaintiff the right of action based on a contract is considered to have accrued for purposes of 28 U.S.C. § 2415 at the time the government creditor exercises its option to accelerate the loan payments. *See United States v. Rollinson*, 629 F. Supp. 581, 584 (D.D.C. 1986) (finding six-year limitations period began at the time the government exercised its right to demand payment, not when missed payments made it possible for the creditor to exercise such demand); *see also United States v. Sather*, 131 F. Supp. 2d 1146, 1150-51 (D.S.D. 2001) (finding FSA's right of action accrued when FSA exercised option to make demand and accelerate payments).[8]

Here, the Notes at issue provide that, upon default, "the Government at its option may declare all or any part of any such indebtedness immediately due and payable." Notes at page 3, ¶ 21. In a letter dated January 6, 2010, Plaintiff notified Hacienda and Sergio that it was accelerating the debt on both Notes. ECF No. 40-6. Because Plaintiff filed suit within six years of January 6, 2010, the undersigned is of the opinion that the suit was timely filed and Sergio's timeliness challenge is without merit.

Additionally, although Sergio is correct that more than six years passed between his September 22, 2009 email to the USDA and the January 2016 filing of this suit, that date is not applicable. It appears Sergio makes this argument to counter Plaintiff's footnoted argument that Sergio's October

---

[8] Neither party has cited law from the Fourth Circuit Court of Appeals or from this District concerning the statute of limitations argument. In any event, federal law is applicable in determining when a right of action accrued for a federal plaintiff pursuant to 28 U.S.C. § 2415. *See Sather*, 131 F. Supp. 2d at 1151.

2015 acknowledgement of the debt extended the statute of limitations. Def. Resp. 5 n.2. However, the relevant language of § 2415 provides that when there is a "later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of *each such payment or acknowledgement[.]*" 28 U.S.C. § 2415(a) (emphasis added). Accordingly, the October 2015 acknowledgement of debt potentially would again cause the claim to accrue, making suit within six years of October 2015 timely. Because this suit was timely filed, further consideration of when claims accrued is unnecessary. Sergio's statute of limitations defense is without merit.

    3. Laches

Sergio also argues Plaintiff's "delay of over six years in seeking to enforce the alleged contract after the borrower used the credit, is unreasonable and prejudices the Defendants." Def. Resp. 1-2. The doctrine of laches should bar Plaintiff's claim, Sergio argues. *Id.* at 2. Plaintiff argues, *inter alia*, because this matter was timely filed it cannot be considered to have been unreasonably delayed. The undersigned agrees. Plaintiff brought this action within six years of making demand. Sergio was in communication with Plaintiff regarding the debt. The doctrine of laches should not bar this action.

    4. Other arguments

The undersigned has also considered Sergio's other arguments and defenses—particularly that he attempted to return the collateral and that he should receive reimbursement for loss of farm equipment due to flood ($71,187.00) and expenses of $20,000.00 per year for caring for the livestock collateral. *See* Counterclaim 6. For purposes of this Motion, the undersigned accepts Sergio's claim of costs and losses incurred as true. Nonetheless, the undersigned is aware of no law or doctrine that would operate to cause such facts to prevent Plaintiff's Motion for Summary Judgment from being granted.

In considering this argument, the undersigned notes Plaintiff's argument that language in the Security Agreement requires that the Debtor "care for and maintain collateral in a good and

12

husbandlike manner," and "not permit the collateral to be . . . injured or destroyed, or its value impaired." Security Agmt. ¶ 3(b)(3) and 3(b)(7), ECF No. 40-4. *See* Pl. Mem. 7.

At this juncture, however, the undersigned notes that Sergio is not himself a party to the Security Agreement. Rather, the Security Agreement was entered into between the United States (identified as the "Secured Party") and Hacienda Mesa, LLC (identified as the "Debtor"). *See* Security Agmt. 1. On the last page of the Security Agreement, Hacienda Mesa, LLC is the only "Debtor" that signed the "Certification" that the information is true and correct. *Id.* at 7. A signature that appears to be Sergio Mesa's as "Manager" is found under the blank for "Hacienda Mesa, LLC." There is a second "Debtor" signature line that remains blank. Accordingly, because the only Defendant being considered at this juncture is not a signatory of the Security Agreement, the undersigned is of the opinion that the language of that Agreement is not appropriately considered herein.[9]

B. Summary judgment is appropriate as to Defendant Sergio Mesa

Sergio Mesa co-signed Note 1 (the $70,000.00 loan) and Note 2 (the $52,500.00 loan). Sergio admits having signed these Notes. Compl. ¶¶ 5, 6; Answer ¶ 4. As of the December 8, 2015 filing of this action, Plaintiff indicated the total amount of principal and interest due on both Notes 1 and 2 equaled $150,767.91. Compl. ¶ 17. Further, Plaintiff indicates interest is "accruing thereafter at the total daily rate of $10.4881." *Id.* Plaintiff's counsel provided an affidavit with the Motion for Summary Judgment again indicating these same amounts and indicating the total indebtedness of principal and interest on both Notes as of August 26, 2016 was $153,515.79. Aff. of Counsel, ECF No. 40-7. Further, Plaintiff seeks costs in the amount of $763.42 for a total (as of August 26, 2016) of $154,279.21. Aff. Counsel ¶ 3. In the Motion for Summary Judgment, Plaintiff also indicates it is

---

[9] In so recommending, the undersigned notes that both Hacienda Mesa, LLC and Sergio R. Mesa are listed as debtors on the UCC1 and UCC3 forms filed by Plaintiff. ECF No. 40-5. While these forms filed with South Carolina's Secretary of State indicate Plaintiff's lien against the pledged collateral remains valid through June 6, 2018, *see id.* at 3, these documents are not signed by any party.

13

entitled to reasonable attorneys' fees according to the terms of the Notes and that it is entitled to post-judgment interest. Pl. Mem. 7 & n.3.

C. Remedies and damages

In the Claim and Delivery Complaint, Plaintiff seeks an order allowing it to possess the secured goods and chattel. Compl. ¶ 23. Plaintiff indicates that "pursuant to § 36-9-601(a)(2) of the Uniform Commercial Code as enacted in South Carolina,[it] elects to proceed as to the personal property described above, in accordance with its rights and remedies in respect to this property and to sell the real property altogether." *Id.* ¶ 24.[10] Plaintiff also "requests a deficiency judgment should the sale of the security be insufficient to satisfy all of the amounts due the Plaintiff on the Agreement and Notes." *Id.* ¶ 26. In its Motion for Summary Judgment, Plaintiff seeks judgment in its favor, dismissal of counterclaims, possession of the secured collateral, and an award in the amount of $154,279.21 in principal, interest, and costs; as well as per diem interest; attorneys' fees; and post-judgment interest. Pl. Mem. 7.

The undersigned is of the opinion that judgment against Sergio Mesa individually is appropriate, and Plaintiff's Motion for Summary Judgment as to Sergio Mesa should be granted. Further, the undersigned recommends Sergio Mesa's Counterclaims be dismissed.

However, at this juncture, the undersigned recommends deferring a ruling as to Plaintiff's request for an Order to possess all secured collateral. This Report and Recommendation does not

---

[10] Section 36-9-601(a) provides as follows:

> (a) After default, a secured party has the rights provided in this part and, except as otherwise provided in Section 36-9-602, those provided by agreement of the parties. A secured party:
> (1) may reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure; and
> (2) if the collateral is documents, may proceed either as to the documents or as to the goods they cover.

S.C. Code Ann. § 36-9-601. The undersigned is aware of no security interest in any real property associated with this matter.

consider Plaintiff's claim against Hacienda Mesa, LLC, and Hacienda Mesa, LLC is the only party debtor listed on the Security Agreement. Accordingly, it is recommended that the portion of Plaintiff's Motion for Summary Judgment that seeks summary judgment as to Hacienda Mesa, LLC, and the portion of the Motion that seeks the court's order allowing it to possess the goods and chattel identified in the Security Agreement be denied without prejudice.

Based on this recommended disposition, it is further recommended that a ruling as to damages and remedy as to all parties be deferred at this time. Pursuant to the Notes, Hacienda Mesa, LLC and Sergio R. Mesa "jointly and severally promise to pay" the amounts due under the Notes. Note 1 at 1, Note 2 at 1. Plaintiff is, of course, entitled to only one recovery of actual damages, costs, and fees against each Defendant. *See, e.g.*, *Branch Banking v. Mkt. Logistics, Inc.*, No. 6:16-280-HMH, 2016 WL 3097396, at *8 (D.S.C. June 2, 2016) (entering judgment for corporate borrower and individuals who guaranteed payment on line of credit, noting only one recovery is available to the creditor). Similarly, in the event Plaintiff obtains the court's order allowing it to possess the goods and chattel identified in the Security Agreement, Plaintiff would be entitled to recover only the full amount of any judgment (including fees and interest) entered. It is recommended that any further submissions from Plaintiff be required to address the interplay between the remedy of a money judgment and the remedy of possession of the pledged collateral.

Plaintiff also seeks payment of collection costs and reasonable attorneys' fees, indicating the Notes "provide for the payment of collection costs including reasonable attorneys' fees." Pl. Mem. 7 & n.3. Plaintiff does not provide reference to the particular language of the Notes permitting recovery of collection costs that include reasonable attorneys' fees, and the undersigned recommends Plaintiff be required to do so. In addition, it should be noted that, when a contract provides for the award of "reasonable attorneys' fees," the court must make a finding of reasonableness utilizing factors set out in *Barber v. Kimbell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and referenced in Local Civil Rule 54.02(A) (D.S.C.).

VI. Conclusion

For the reasons set forth above, it is recommended that Plaintiff's Motion for Summary Judgment, ECF No. 40, be granted in part and denied without prejudice in part. More specifically, it is recommended that

a. Plaintiff's request for summary judgment against Sergio R. Mesa be *granted* and that Sergio R. Mesa's Counterclaims be dismissed;

b. Plaintiff's request for summary judgment against Hacienda Mesa, LLC, Plaintiff's request for an order awarding it possession of the secured collateral, and Plaintiff's request for an unspecified amount of attorneys' fees be *denied without prejudice* at this time based on the record currently before the court.

Based on these recommendations, the undersigned further recommends deferral of the calculation of the amount of damages to be awarded.[11]

IT IS SO RECOMMENDED.

January 25, 2017                                          Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[11] Plaintiff's counsel provided an affidavit with the Motion for Summary Judgment again indicating these same amounts and indicating the total indebtedness of principal and interest on both Notes as of August 26, 2016 was $153,515.79, with interest continuing to accrue at the rate of $10.48881 per diem subsequent to August 26, 2016. Aff. of Counsel, ECF No. 40-7. Although counsel's affidavit also seeks costs in the amount of $763.42, *see id.*, those costs should be itemized for the court's consideration.