UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Civil Action No.: 4:15-cv-04863-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Hacienda Mesa, LLC; Sergio R. Mesa; CNH Capital America, LLC; and Deere & Company, | |
| Defendants. | |

On December 8, 2015, Plaintiff filed this claim and delivery action against the four above-captioned defendants: (1) Hacienda Mesa, LLC, (2) Sergio R. Mesa, (3) CNH Capital America, LLC, and (4) Deere & Company. *See* Complaint [ECF No. 1]. Plaintiff seeks judgment concerning two promissory notes signed by Hacienda Mesa, LLC and Sergio R. Mesa in which they agreed to pay Plaintiff (acting through the United States Department of Agriculture) the principal and interest on sums of $70,000 and $52,500.[1] *See* Prom. Notes [ECF Nos. 1-1 & 1-2].

Sergio R. Mesa, who is proceeding pro se, was the only defendant to enter an appearance and respond to Plaintiff's complaint. *See* ECF No. 9. On February 4, 2016, Plaintiff obtained entries of default against CNH Capital America, LLC and Deere & Company. *See* ECF Nos. 21, 22, 23 & 24. On August 26, 2016, Plaintiff filed a motion for summary judgment against the other two defendants: Hacienda Mesa, LLC and Sergio Mesa.[2] *See* ECF No. 40. On January 25, 2017, United States

---

[1] As the Magistrate Judge explains in more detail, Hacienda Mesa, LLC is the only party debtor listed on the Security Agreement covering the collateral in question (twenty-one pieces of farm equipment and sixteen horses). *See* R & R at 6, 14-15. Sergio R. Mesa is *not* a party to the Security Agreement. *Id.* at 6.

[2] As the Magistrate Judge explains, CNH Capital America, LLC and Deere & Company are in default and not the subject of Plaintiff's motion for summary judgment. *See* R & R at 2-3.

Magistrate Judge Kaymani D. West issued a Report and Recommendation ("R & R")[3] recommending that the Court grant in part and deny in part Plaintiff's motion for summary judgment.[4]  R & R [ECF No. 51] at 1, 16.  On January 3, 2017 (within the time for filing objections), Plaintiff filed a request seeking an entry of default against Hacienda Mesa, LLC, and the Clerk entered the default on February 14, 2017.  *See* ECF Nos. 53, 54, & 55.  The matter is now before the Court for consideration of the R & R and the Magistrate Judge's recommendation concerning Plaintiff's motion for summary judgment.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

No parties have filed objections to the R & R, and the time for doing so has expired.[5]  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection,

---

[3]     The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e) for the District of South Carolina.

[4]     Specifically, the Magistrate Judge recommends that the Court: (1) grant Plaintiff's request for summary judgment against Sergio R. Mesa and dismiss Sergio R. Mesa's counterclaims; and (2) based on the record currently before the Court, deny without prejudice (a) Plaintiff's request for summary judgment against Hacienda Mesa, LLC, (b) Plaintiff's request for an order awarding it possession of the secured collateral, and (c) Plaintiff's request for an unspecified amount of attorney's fees.  R & R at 16.  The Magistrate Judge further recommends deferral of the calculation of the amount of damages to be awarded.  *Id.*

[5]     Objections were due by February 13, 2017.  *See* ECF No. 51.

a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and therefore adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 51], *except with respect to the Magistrate Judge's recommendation concerning Defendant Hacienda Mesa, LLC, which is now in default*. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for summary judgment [ECF No. 40]. Specifically, the Court:

(1)   **GRANTS** Plaintiff's motion for summary judgment as to Sergio R. Mesa's liability;

(2)   **DISMISSES** Sergio R. Mesa's counterclaims *with prejudice*; and

(3)   **DENIES AS MOOT** Plaintiff's motion for summary judgment against Hacienda Mesa, LLC because the Clerk has entered default against Hacienda Mesa, LLC. Any judgment against Hacienda Mesa, LLC should be sought under Federal Rule of Procedure 55(b).[6]

Moreover, based on the record currently before it, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request for an order awarding it possession of the secured collateral and Plaintiff's request for an unspecified amount of attorney's fees.[7] The Court at this time **DEFERS** a ruling as to damages and remedy as to all parties. Procedurally, Plaintiff should now file a proper motion under Federal Rule of Civil Procedure 55 regarding the relief it seeks, as summary judgment has been entered against Sergio R. Mesa and defaults entered against Hacienda Mesa, LLC, CNH Capital America, LLC, and

---

[6]   Hacienda Mesa, LLC is the only party listed on the Security Agreement, *see* ECF No. 40-4, and Plaintiff seeks an order allowing it to possess the goods and chattel listed in the Security Agreement. *See* ECF No. 40-1.

[7]   The Court directs Plaintiff's attention to the Magistrate Judge's thorough discussion of the remedies and damages in the R & R. *See* R & R at 13-16.

Deere & Company.[8]

    **IT IS SO ORDERED.**


Florence, South Carolina                                        <u>s/ R. Bryan Harwell</u>
March 6, 2017                                                 R. Bryan Harwell
                                                                                  United States District Judge

---

[8]     The Court again notes the Clerk has entered defaults against Hacienda Mesa, LLC, CNH Capital America, LLC, and Deere & Company. Any judgment against these defendants may be sought under Federal Rule of Procedure 55(b).